MARY S. DOWNING *vs.* THOMAS J. WHEELER.

Franklin.   Opinion January 12, 1900.

*Prom. Note.   Indorsement.   Action.*

One may retain title to a negotiable note and order its contents to be paid to another, who may sue upon it.

The maker cannot raise the question of ownership, because he promised to pay, not necessarily to the owner, but to the order of the payee.

A payee may order the contents of a note remaining due at a future day to be paid after his death to a third person.

*Held;* in an action by such person that, when the day of payment came, the

note became negotiated to the plaintiff for the benefit of whomsoever it might concern.

*Also;* that the defendant maker cannot dispute the plaintiff's title to the note in defense of the suit.

AGREED STATEMENT.

The parties agreed upon the following statement of facts:

"Writ, service, note and indorsements thereon to be made part of case. Plaintiff with her husband, George A. Downing, moved to Worcester, Mass., in October, 1887, and he died there May 6, 1894.

"Defendant wrote plaintiff's husband under date of January 12, 1891, and also to the plaintiff under date of January 1, 1895. Defendant also wrote plaintiff by postal card which bears post mark date March 18, 1895. [These letters and postal card are printed below:]

"Defendant filed his petition in insolvency in the county of Franklin, November 5, 1894, and was discharged January 6, 1897.

"The note in suit was not listed in defendant's list of liabilities in the insolvency court; and was not proved in his estate.

"No administration has ever been taken out in the estate of George A. Downing.

"The law court to render such decision as the law and facts require."

[NOTE.]

"For value received I promise to pay Geo. A. Downing or order on demand five hundred dollars, with interest at 5 per cent, interest annually.

Chesterville, March 2nd, 1885.      Thomas J. Wheeler.

Mr. Wheeler:

It is the wish of Geo. A. Downing for you to pay Mary S. Downing the amount due on this note at his death.

Geo. A. Downing."

[INDORSEMENTS ON NOTE.]

"Oct. 14, 1887. Paid fifty dollars as interest on the within note. Dec. 6, 1888. Received twenty-five dollars. Feb. 7, 1889. Rec. twenty-five dollars. Nov. 5, 1890. Rec. twenty dollars. Dec.

26, 1890. Rec. one hundred dollars. March 25, 1891. Rec. twenty dollars. Oct. 10, 1891. Rec. ten dollars. March 24, 1892. Rec. twenty-five dollars. March 4, 1893. Rec. twenty-four dollars. March 6, 1894. Rec. twenty-four dollars, $24.00. Oct. 11, 1894. Rec. twenty dollars, $20.00."

[POSTAL CARD, BEARING POST MARK DATE.]

" March 18, 1895.

I cannot do anything just now,.but the first that I get be it more or less you shall have.

Resp't,            T. J. Wheeler."

[LETTERS.]

" Chesterville, Jan. 12, 1891.

Friend Downing:

You may be surprised for me at this late day to ask you such a question as I am going to. I can pay you three or four times over what I owe you, but I cannot without my wife knowing of it and she has forgotten all about it and I dislike to tell her, she is so poorly. The doctor says that she can never be any better than she is now, and liable to grow worse any day. The money that I intended to pay you I cannot get now. I have a bank book at the Peoples Trust at Farmington and one at Augusta. I will make you this offer. I will pay you the interest that is due this spring right away and give you six per cent. for the rest as long as I keep it. Please let me know by return mail just how you feel about it and if you say so, I will draw out the money and send to you the first day I can get some one to stay with my wife.

Truly yours,            T. J. Wheeler."

" Chesterville, Me., Jan. 1, 1895.

Mrs. M. J. Downing:

I have had to stop business, in other words I have failed up. The estate will pay but a small per cent. on a dollar. The Portland folks got the whole of it. You hold onto the note and in time you will get all of it, two are doing that way and just as soon as I can I will begin to help you out. If I had thought it was coming this way I would have sent you some soon after I did the

other, but then I thought I could pull through all right, but I got into a trap and they got the whole.  I am very sorry, but what can I do?                    Respt.,

                                        T. J. Wheeler."

*E. O. Greenleaf*, for plaintiff.

The defendant always recognized his bounden indebtedness to plaintiff and promised twice in writing to pay her after the death of her husband, and made her one payment.  He is therefore estopped to deny his obligation at this late day.  The note was properly indorsed; and if not, there is a subsequent promise in writing to pay her the debt, which makes him a promisor to the plaintiff and for a valuable consideration, as shown by letter of January 1, 1895, and by postal card of March 18, 1895.

The indorsement is definite and intelligible and not against public policy.  Counsel cited:  *Abbott* v. *Holway*, 72 Maine, 298; *Wyman* v. *Brown*, 50 Maine, 139.

*E. E. Richards*, for defendant.

Indorsement takes effect only on delivery.  *Dana* v. *Morris*, 24 Conn. 333.

Though delivery may be presumed from possession, such presumption is overcome by the evidence in the case.  The form of the alleged indorsement makes it evident that the note was not to pass until death of payee.  The letters from debtor relative to payment prior to death of payee were to him, and after death to the plaintiff.

There is no evidence to show that plaintiff exercised any acts of ownership prior to death of the payee.  The indorsement must import a present intent to transfer note.  Story's Prom. Notes, § 121, and cases cited; *Adams* v. *Blethen*, 66 Maine, 19.

A delivery for a particular purpose, without intention to transfer property, insufficient.  *Nutter* v. *Stover*, 48 Maine, 163.

Delivery cannot be made after death to payee.  *Clark* v. *Sigourney*, 17 Conn. 511; *Foglesang* v. *Wichaud*, 75 Ind. 258.

The indorsement is the best evidence that it was the intention of the indorser to pass property in it only after his death.  This could legally be done only by will executed as provided by statute.

SITTING: PETERS, C. J., HASKELL, WISWELL, STROUT, SAVAGE, FOGLER, JJ.

HASKELL, J. Plaintiff produced a promissory note of the defendant, payable on demand to the order of her husband. Upon it was written, "Mr Wheeler [maker of the note], it is the wish of George A. Downing [payee] for you to pay Mary S. Downing [plaintiff] the amount due on this note at his death. (Signed) George A. Downing."

The production of the note with the indorsement upon it raises a fair inference that it had been delivered to the plaintiff during the lifetime of her husband, the payee. The question at issue is not that of title to the note, but whether it had become payable to the plaintiff. One may retain title to a negotiable note and order its contents paid to another who may sue upon it, and the maker cannot raise that defense, because he had promised to pay, not necessarily to the owner, but to the order of the payee.

The payee ordered the contents of the note remaining due at a future day, sure to come, paid to the plaintiff. The defendant had promised to pay to whomsoever the payee might order. The order had been written and signed and delivered before the day when it called for payment. The defendant had promised to so pay when he gave the note. When the day of payment came, why had not the note become negotiated to the plaintiff? Suppose it had been a non-negotiable note, and the payee had ordered the maker to pay another at a future day any amount then due, and the maker had accepted the order, could not the acceptance be enforced? If the order were to pay at the death of the maker of it, and before that time, had been accepted, would it not have become an enforceable contract? And yet, not more so than the acceptance beforehand of the order upon the note in suit. When the contingency of the payee's death happened, the note had become payable to the plaintiff, for the benefit of whomsoever it might concern. It had then become payable to her, and she may sue upon it.

*Defendant defaulted.*